**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELAINE MARIE MILLER,

        Plaintiff,

v.                                        No. 1:16-CV-00394-CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court upon Plaintiff Elaine Marie Miller's *Motion to Reverse for Payment of Benefits, or in the Alternative, to Remand for Rehearing* (the "Motion"), (Doc. 20), filed on October 20, 2016; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 24), filed January 20, 2017; and Plaintiff's *Reply to Brief in Response to Plaintiff's Motion to Reverse and Remand* (the "Reply"), (Doc. 25), filed February 2, 2017.

On June 2, 2014, Ms. Miller applied for supplemental security income, alleging disability beginning on January 1, 2012. (Administrative Record ("AR") 152-157). Her application was denied on September 3, 2014, (AR 95-98), and also upon reconsideration on April 14, 2015. (AR 102-104). Ms. Miller filed her request for a hearing before an Administrative Law Judge ("ALJ") on April 24, 2015, (AR 105), and a hearing was set for January 7, 2016, before ALJ Ann Farris. (AR 117-143, 34-64). Ms. Miller and Mary D. Weber, an impartial vocational expert ("VE"), testified at the hearing. (AR 34-64). Ms. Miller was represented by attorney Michelle Baca at the hearing. (AR 18). ALJ Farris issued her opinion on January 29, 2016, finding that Ms. Miller was not

disabled under 20 C.F.R. § 416.920(g) since May 1, 2014. (AR 28).  Ms. Miller filed an

application for review by the Appeals Council, (AR 7-14) which was denied, (AR 1-6),

making the decision of ALJ Farris the final decision of the Commissioner of the Social

Security Administration (the "Commissioner") for purposes of this appeal.

 Ms. Miller filed her *Complaint* before this Court through new counsel, Francesca

J. MacDowell. (Doc. 1). Ms. Miller argues that the ALJ committed reversible, legal error

by failing to: (1) use the correct standards in weighing the treating and examining

source evidence; (2) form a residual functional capacity ("RFC") in accordance with the

substantial evidence; and (3) resolve conflicts between the VE's testimony and the

Dictionary of Occupational Titles ("DOT"). (Doc. 20 at 3).

 The Court has reviewed the Motion, the Response, the Reply, and relevant law.

In addition, the Court has meticulously reviewed and considered the entire

administrative record. Because the ALJ failed to properly weigh the medical opinions in

the record, the Court finds that the Motion should be **GRANTED** and the case be

**REMANDED** for further proceedings.

 I.    **Standard of Review**

 The standard of review in a Social Security appeal is whether the

Commissioner's final decision is supported by substantial evidence and whether the

correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir.

2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct

legal standards were applied, the Commissioner's decision stands and the plaintiff is not

entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v.*

*Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.      Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits and supplemental security income, a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

3

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process ("SEP") has been established to determine whether a person is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### III.    Background

Ms. Miller initially applied for supplemental security income alleging post-traumatic stress disorder ("PTSD"). (AR 66). At step one, the ALJ determined that Ms. Miller had not engaged in substantial gainful activity since May 1, 2014. (AR 20). At step two, the ALJ concluded that Ms. Miller was severely impaired by fibromyalgia, left

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

shoulder dislocation, major depressive disorder, anxiety disorder, panic disorder, and PTSD. (AR 20).

At step three, the ALJ explained that she considered whether Ms. Miller's impairments satisfied or met any of the listed impairments. (AR 20). She determined that none of Ms. Miller's impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (AR 20).

The ALJ proceeded to step four. First, she analyzed Ms. Miller's subjective complaints of her physical and psychological symptoms and the objective medical evidence in the record. (AR 22-26). The ALJ found that Ms. Miller's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (AR 23). The ALJ discussed evidence from Ms. Miller's medical record. (AR 23-24). The ALJ also considered the reports and opinions of John P. Owen, Ph.D., who performed a mental status examination on Ms. Miller, and the opinions of state agency consultants. (AR 24-26).

The ALJ ultimately found that Ms. Miller has the RFC to perform light work as defined in 20 C.F.R. § 416.969(b). (AR 22). However, the ALJ found that Ms. Miller cannot reach overhead with her left arm. (AR 22). Additionally, the ALJ limited Ms. Miller to simple, routine tasks; no interaction with the public; and occasional and superficial interaction with coworkers. (AR 22).

The ALJ then explained that, based on the testimony from the VE, Ms. Miller is unable to perform any of her past relevant work. (AR 26-27). Accordingly, the ALJ proceeded to step five.

At step five, the ALJ inquired whether Ms. Miller would be able to perform any other work existing in significant numbers in the national economy. (AR 27-28). The ALJ noted that Ms. Miller was 47 years old on the application date, and therefore classified as a "younger individual" in accordance with the Regulations. (AR 27). The ALJ also determined that Ms. Miller has limited education and is able to communicate in English. (AR 27).

The VE testified at the hearing that an individual with Ms. Miller's same age, education, work experience, and RFC could perform the jobs of laundry folder, mail sorter, and bakery worker. (AR 28). The ALJ found the VE's testimony to be inconsistent with the information contained in the DOT, but noted that there was a reasonable explanation for the discrepancy, so she adopted the VE's testimony. (AR 28).

The ALJ concluded that because Ms. Miller is capable of performing work existing in significant numbers in the national economy, she is not disabled pursuant to 20 C.F.R. § 416.920(g). (AR 28).

## IV.   Analysis

Ms. Miller argues that the ALJ committed reversible, legal error by failing to: (1) use the correct standards in weighing the treating and examining source evidence; (2) form an RFC in accordance with the substantial evidence; and (3) resolve conflicts between the VE's testimony and the DOT. (Doc. 20 at 3).

The Commissioner responds that the ALJ properly considered all medical opinions in the record. (Doc. 24 at 7). The Commissioner further argues that the ALJ correctly translated the opinions of the medical sources into the RFC. (Doc. 24 at 7, 8-

12). Finally, the Commissioner maintains that the ALJ reasonably relied on the VE

testimony to determine the RFC. (Doc. 20 at 14-18).

### A. Requirement to Weigh All Medical Opinions in the Record

Social Security Regulations require the ALJ to evaluate every medical opinion in

the record, including the opinions of non-examining State agency physicians. *See* 20

C.F.R. § 416.927(b); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 (July 2,

1996). Every medical source opinion should be weighed by the ALJ in consideration of

the following, applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,
> including the treatment provided and the kind of examination or testing
> performed; (3) the degree to which the physician's opinion is supported by
> relevant evidence; (4) consistency between the opinion and the record as
> a whole; (5) whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citation omitted); *see*

*also* 20 C.F.R. § 416.927(c)-(d). Ultimately, the ALJ must give good reasons-reasons

that are "sufficiently specific to [be] clear to any subsequent reviewers"-for the weight

that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations

omitted). Failure to do so constitutes legal error. *See Kerwin v. Astrue*, No. 06-6343,

244 Fed. Appx. 880, 884 (10th Cir. Aug. 8, 2007) (unpublished).

### B. The ALJ's Analysis of Medical Opinions in the Record

With regard to opinion evidence in the record, the ALJ stated that she

"considered opinion evidence in accordance with the requirements of 20 CFR § 416.927

and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." (AR 23). In her decision, the ALJ discusses

the specific findings of Dr. Owen and the state agency consultants. (AR 24-26). Ms.

7

Miller argues that the ALJ improperly weighed and considered the opinion of Dr. Owen and non-examining psychiatrist Scott Walker, M.D.

Dr. Owen performed a mental status examination of Ms. Miller on August 27, 2014. (AR 303-307). In the report, Dr. Owen diagnosed Ms. Miller with PTSD and depressive disorder, not otherwise specified. (AR 304). Dr. Owen gave a "statement of opinion of abilities," in which he found that Ms. Miller has moderate difficulty understanding and remembering detailed or complex instructions; moderate difficulty carrying out instructions; moderate to marked difficulty attending and concentrating; moderate to marked difficulty interacting with the public; and moderate to marked difficulty using public transportation. (AR 304).

The ALJ stated that she placed great weight on Dr. Owen's opinion. (AR 25). The ALJ specifically noted Dr. Owen's opinion "is consistent with Dr. Owen's findings on examination as well as the record as a whole." (AR 25). However, the ALJ did not incorporate all of Dr. Owen's findings.

It is well-settled that "[t]he ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) (internal citations omitted). Here, the ALJ states that she placed great weight on Dr. Owen's opinion, but seems to have rejected parts of the opinion which are not consistent with the RFC finding. Indeed, the RFC only limits Ms. Miller to "simple, routine tasks," but does not account for her ability to attend and concentrate or the ability to use public transportation.

The Commissioner argues that the ALJ accounted for Dr. Owen's opinion of Ms. Miller's limitations in the RFC determination. (Doc. 24 at 8). Specifically, the Commissioner maintains that the ALJ accounted for Dr. Owen's "opinion by translating his severity ratings into a concrete RFC limitation for simple, routine tasks." (Doc. 24 at 8). The Commissioner cites *Vigil v. Colvin* for the proposition that a limitation to unskilled work accounts for moderate concentration, persistence, and pace problems. (Doc. 24 at 8) (citing *Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015)). Further, the Commissioner notes that unskilled work involves "understanding, remembering, and carrying out simple instructions." (Doc. 24 at 8) (quoting SSR 96-6p, 1996 WL 374185, at *9) (internal quotation marks removed).

*Vigil* is distinguishable from the case at bar because in *Vigil* the claimant was moderately limited; whereas here, Dr. Owen found Ms. Miller to be moderately to markedly limited in her ability to attend and concentrate. *See Vigil*, 805 F.3d at 1203. The Social Security Administration's Programs Operations Manual System ("POMS") notes that a moderate impairment supports the conclusion that an individual's capacity to perform work is impaired. POMS DI 24510.063(2), *available at* https://secure.ssa.gov/apps10/poms.NSF/lnx/0424510063. In addition, the Tenth Circuit has recognized that moderate impairments may decrease a claimant's ability to perform work. *Bowers v. Astrue*, No. 07-5114, 271 Fed. Appx. 731, 733-34 (10th Cir. Mar. 26, 2008) (unpublished). A marked impairment supports the conclusion that an individual cannot "usefully perform or sustain" an activity. POMS DI 24510.063(3). The ALJ's finding that Ms. Miller can perform unskilled work that is simple and routine simply does not account for a moderate to marked limitation in Ms. Miller's ability to attend and

concentrate. In addition, the ALJ does not acknowledge Dr. Owen's moderate to marked diagnosis in Ms. Miller's ability to use public transportation.

Thus, although the ALJ placed great weight on Dr. Owen's opinion, not all of Dr. Owen's limitations are reflected in the ALJ's RFC finding. The ALJ seems to have implicitly rejected Dr. Owen's findings and therefore inappropriately "'us[ed] portions of evidence favorable to her position while ignoring other evidence.'" *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citing *Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004)). This selective application of Dr. Owen's report without explanation is error and requires a remand in order for the ALJ to explain the evidentiary basis for her RFC determination. *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007).

The Commissioner further argues that the RFC finding limiting Ms. Miller to unskilled work accounted for Dr. Owen's opinion because the state agency psychologists "considered Dr. Owen's report and opined that Ms. Miller could perform simple work; [and] these opinions received partial weigh from the ALJ." (Doc. 24 at 8). This argument is circuitous and not logical. The Court will not rely on state agency opinions to prove that the ALJ's RFC accounted for Dr. Owen's opinion.

C. *Ms. Miller's Request for an Immediate Award of Benefits*

Ms. Miller requests that the Court reverse the decision of the Commissioner and remand the case for an immediate award of benefits. (Doc. 20 at 21). The decision of whether to remand a case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). To make this decision, the Court considers the length of time the matter has been pending and whether additional fact-finding would serve any

useful purpose or merely delay the receipt of benefits. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

Here, Ms. Miller's application for benefits has been pending since June 2014, which is not an unusual amount of time for a case that has been evaluated by an ALJ and the Appeals Council. Moreover, additional analysis by the ALJ is required. The Court cannot say that there is substantial and uncontradicted evidence in the record that indicates Ms. Miller is disabled. *See Hudman v. Astrue*, No. 1:08-cv-00643-RLP, at *17 (D.N.M. filed Apr. 16, 2009) (unpublished). Under these circumstances, the Court will take heed not to assume the role of fact-finder and substitute its judgment for that of the Commissioner. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

For all of the foregoing reasons, the facts of this case do not necessitate an immediate award of benefits at this time. Ms. Miller's request for an immediate award of benefits is therefore denied.

## V.    Conclusion

For the reasons discussed above, the Court concludes that the ALJ failed to properly weigh the medical opinion of John Owen, Ph.D. On remand, the ALJ should properly weigh all medical opinions in the record. The Court does not decide any other issue raised by Ms. Miller, as these matters are mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse for Payment of Benefits, or in the Alternative, to Remand for Rehearing*, (Doc. 20), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE